# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, TELLITOCCI, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class CORY M. LANG**
**United States Army, Appellant**

ARMY 20140083

Headquarters, 8th Theater Sustainment Command
David L. Conn, Military Judge (arraignment)
Brad Bales, Military Judge (trial)
Colonel Paul T. Salussolia, Staff Judge Advocate

For Appellant:  Major Robert N. Michaels, JA; Captain Brian D. Andes, JA (on brief).

For Appellee:  Lieutenant Colonel James L. Varley, JA (on brief).

31 October 2014

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

HAIGHT, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of two specifications of wrongful possession of child pornography and two specifications of distribution of that same child pornography, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 [hereinafter UCMJ].  The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for ninety days, and reduction to the grade of E-1.

This case is before us for review pursuant to Article 66, UCMJ.  Appellant submitted a merits pleading to this court and personally raised two issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), neither of which merits discussion or relief.  However, one additional issue merits discussion and relief.

**BACKGROUND**

Appellant was charged with and convicted of possession and distribution of child pornography as defined by 18 U.S.C. §2256(8).[1]  During the providence inquiry into his guilty plea, appellant admitted that in November or December of 2012, a "friend of [his] had Facebooked [to appellant] pictures . . . [of Ms. KS and Ms. RS] over the internet."  Appellant further explained the photographs are "sexually explicit" and admitted he knew Ms. KS and Ms. RS were both approximately sixteen years old at the time the respective photographs were taken. He also stated that after he received the images, he saved them to his personal computer and later posted them online to a "public domain website . . . [on which]

---

[1] 18 U.S.C. §2256(8) defines "child pornography" as:  [A]ny visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where—

(A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;

(B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or

(C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

18 U.S.C. §2256(2)(A) defines "sexually explicit conduct" for §2256(8)(A) and (C) as "actual or simulated--"

(i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

(ii) bestiality;

(iii) masturbation;

(iv) sadistic or masochistic abuse; or

(v) lascivious exhibition of the genitals or pubic area of any person.

[a]nybody who logs onto the site is able to view any material that is on the site." Appellant's actions concerning these two images are the basis for his four convictions involving child pornography.

During appellant's providence inquiry, the military judge defined the terms "child pornography," "minor," and "sexually explicit conduct" using definitions closely mirroring those found in 18 U.S.C. §2256. In addition, while neither 18 U.S.C. §2256 nor the President has defined "lascivious exhibition," the military judge provided an expansive explanation (i.e. the "*Dost* factors") embraced by our superior court in *United States v. Roderick*, 62 M.J. 425, 429-430 (C.A.A.F. 2006). *See United States v. Blouin*, 73 M.J. 694, 696 (Army Ct. Crim. App. 2014); *see also United States v. Dost*, 636 F.Supp 828, 832 (S.D. Cal. 1986), *aff'd sub nom. United States v. Wiegand*, 812 F.2d 1239 (9th Cir. 1987).

*Image 1—Ms. KS*

The photograph of Ms. KS[2] is the basis for the first corresponding possession and distribution offenses (Specifications 1 & 3 of The Charge). It is a small grainy image of a nude female seated alone in front of a mirror. Her bare breasts are plainly exposed, but her legs are tightly crossed, concealing her genitalia. Ms. KS's entire body is visible, but from some distance with no close-up of any particular body part, especially not of the pubic area. During the colloquy with the military judge regarding the possession offense, appellant provided very little description of the photograph, explaining only that Ms. KS "was . . . in a sexually explicit way for the simple fact that *her body* was the main focal point of the picture."[3] (emphasis added). When initially discussing the distribution specifications, appellant stated, "[I] . . . knew that they were minors being that the pictures were--the focal point of the picture being of their body showing breasts, pubic regions, I knew that was to be [sic] child pornography."

---

[2] The government admitted Prosecution Exhibit 2—the relevant images of Ms. KS and Ms. RS—presumably copies of what was received and subsequently posted online by appellant. Both of the photographs appear to be images that Ms. KS and Ms. RS took of themselves using a camera to capture their own respective images in a mirror.

[3] Additionally, the stipulation of fact provided a brief description of the image of Ms. KS: "The picture of Ms. [KS] is of her sitting . . . in a complete state of nudity. She is using the mirror and what appears to be a cell phone to take a picture of herself. She is crossing her legs so that her genitals are *not exposed*, but her pubic region is exposed." (emphasis added).

*Image 2—Ms. RS*

The photograph of Ms. RS is the basis for the second corresponding possession and distribution offenses (Specifications 2 & 4 of The Charge). It is an image of a female standing in front of a mirror. In the photograph, Ms. RS is looking up towards a camera that she is holding above her head. Ms. RS is nude from the waist up and her breasts are exposed and visible. Her hair is wet and she is sticking her tongue out. However, the image of Ms. RS is much grainier from her abdomen down and covered in shadows. It is difficult to discern what, if anything, is covering her pubic region based on the angle and shadows. More simply stated, her genitals are not visible or discernible, and the pubic area is decidedly not the focus of this particular image.

Additionally, appellant provided no explanation as to how or why the image of Ms. RS was sexually explicit when discussing the possession offense. Instead, after the military judge told appellant he was going to "go over the elements real quick again," appellant simply agreed with the military's judge's truncated recitation of the possession specification pertaining to Ms. RS.[4] With respect to the distribution offense for this image, appellant stated that he uploaded the photograph onto the website "knowing that that was considered child pornography for the fact that the focal point of that picture was also her *body*."[5] (emphasis added).

**DISCUSSION**

A military judge's acceptance of a guilty plea is reviewed for an abuse of discretion and questions of law arising from the guilty plea are reviewed de novo. *United States v. Inabinette*, 66 M.J. 320, 321-22 (C.A.A.F. 2008); *see also United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996); *United States v. Rogers*, 59 M.J. 584, 585 (Army Ct. Crim. App. 2003). "The test for an abuse of discretion is

---

[4] "I'm going to go over the elements real quick again. So, do you agree that, at or near Schofield Barracks, Hawaii, between on or about 1 November 2012 and 31 December 2012, you knowingly possessed child pornography, to wit: a digital image of Miss [RS], a minor engaging in sexually explicit conduct? Do you agree with that?"

[5] The stipulation of fact also provided a brief description of the image containing Ms. RS: "The picture of Ms. RS is of her standing in front of a bathroom mirror. She is taking a photo of herself from an elevated angle. Her hair is wet as if she just took a shower. She is completely naked. Her breasts and pubic region are visible. She is sticking her tongue out to the camera in a playful/suggestive manner."

4

whether the record shows a substantial basis in law or fact for questioning the plea." *United States v. Schell*, 72 M.J. 339, 345 (C.A.A.F. 2013) (citation omitted). "It is an abuse of discretion for a military judge to accept a guilty plea without an adequate factual basis to support it . . . [or] if the ruling is based on an erroneous view of the law." *United States v. Weeks*, 71 M.J. 44, 46 (C.A.A.F. 2012); *see also United States v. Outhier*, 45 M.J. 326 (C.A.A.F. 1996); Rule for Courts-Martial 910(e) ("The military judge shall not accept a plea of guilty without making such inquiry of the accused as shall satisfy the military judge that there is a factual basis for the plea."). Lastly, the providence inquiry must make clear the accused understands how the law relates to the facts. *United States v. Medina*, 66 M.J. 21, 26 (C.A.A.F. 2008).

*Image 1—Ms. KS*

The image of Ms. KS depicts a nude female in a seated position with her legs crossed. She is not touching her genitals or pubic area nor looking or otherwise directing a viewer's attention towards that area. In other words, her pubic area is no more or less the focus of the image than any other part of her body. Thus, because the image of Ms. KS does not involve intercourse, bestiality, masturbation, or sadistic or masochistic behavior, the only remaining means of proving its sexually explicit nature was by establishing that it contains a lascivious exhibition of Ms. KS's genitals or pubic area. *Roderick*, 62 M.J. at 429-430; *see also Blouin*, 73 M.J. at 696. In the context of a guilty plea, the military judge was required to explain the correct legal standard, elicit an adequate factual basis for appellant's pleas, and ensure appellant understood how the law related to the facts of his case.

Here, the military judge properly defined child pornography using the definition from 18 U.S.C. §2256. Further, he provided a proper explanation of sexually explicit conduct, to include the *Dost* factors.[6] Additionally, appellant

---

[6] The *Dost* factors are:

(1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;

(2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;

(3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

(4) whether the child is fully or partially clothed, or nude;

(continued . . .)

admitted that he knew Ms. KS was under the age of eighteen and that the image was "sexually explicit." For purposes of establishing the lascivious nature of the image, appellant made reference to the first *Dost* factor, briefly commenting on the "focal point" of the image. With respect to the possession specification, this was the only factor that he mentioned. Significantly, his affirmation that Ms. KS's "*body*" is the focal point of the image—while not factually inaccurate—does not specifically address the genitals or pubic region of Ms. KS. The military judge did not conduct any additional inquiry into this factor nor make reference to any of the other remaining factors.[7] Instead, the military judge concluded the inquiry into the possession specification by eliciting appellant's agreement that the image depicted Ms. KS engaging in sexually explicit behavior.

When discussing the distribution offense pertaining to the image of Ms. KS, appellant again focused exclusively on the first *Dost* factor, stating that "the focal point of their body showing breasts, pubic regions, I knew that was to be [*sic*] child pornography." The military judge did not conduct any further inquiry into this factor. Specifically, there was no discussion as to how or why the genitals or pubic area was considered the focal point, as objectively it was not. *See United States v. Knox*, 32 F.3d 733, 746-47 (3d Cir. 1994).

Based on appellant's limited and inconsistent descriptions of the image of Ms. KS, in addition to the military judge's failure to elicit additional facts or further explore other potentially relevant factors, we find a substantial basis in law and fact to question the pleas of guilty to the offenses concerning the image of Ms. KS and will take corrective action in our decretal paragraph.

---

(. . . continued)

> (5) whether the visual depiction suggests coyness or a willingness to engage in sexual activity;

> (6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

*Roderick*, 62 M.J. at 429 (quoting *Dost*, 636 F.Supp. at 832).

[7] Other *Dost* factors may have been relevant with regard to the image of Ms. KS. However, in the absence of any inquiry or discussion between the judge and appellant of those other factors, we are unable to determine whether those other factors were relied upon in appellant's plea of guilty and admissions that the exhibition is lascivious.

*Image 2—Ms. RS*

Here, although appellant agreed with the military judge that the image of Ms. RS depicted "a minor engaging in sexually explicit conduct," there was no additional inquiry into the relevant definitions of sexually explicit behavior or lasciviousness when discussing the possession specification. Further, when the military judge asked appellant why he was guilty of distributing child pornography, appellant could only muster that he "[knew] that was considered child pornography for the fact that the focal point of that picture was also [Ms. RS's] *body*." (emphasis added). However, despite any concerns this court may have with the adequacy of the providence inquiry with respect to this image (both possession and distribution of it), we are spared further examination of the quality of appellant's pleas in light of a more fundamental problem.

The image of Ms. RS displayed in Prosecution Exhibit 2 simply does not satisfy all the elements of child pornography as charged, and we are unable to envision any manner in which it could, even with a more exacting providence inquiry examining and applying 18 U.S.C. §2256 and the *Dost* factors. The shadows and/or poor quality of the image completely obstruct any view of Ms. RS's genitalia and much, if not all, of her pubic area. This completely undermines any proof of the first *Dost* factor, and we find the remaining five factors wanting as well.

While it is tempting to conclude that possession and distribution of any image of a sixteen-year-old in this condition and under these circumstances is distasteful and should amount to offenses proscribed by child pornography law, that is simply not the current state of the law. Rather, the image must entail *sexually explicit conduct*.

Because the image of Ms. RS does not amount to child pornography, it is unnecessary to further examine the adequacy of the military judge's definition of the offense or appellant's explanation of why he believed the image amounted to child pornography. *See United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008) ("[W]here the factual predicate for a plea falls short, a reviewing court would have no reason to inquire de novo into any legal questions surrounding the plea.").

**CONCLUSION**

Our Article 66, UCMJ, review is confined to the charges and the findings approved by the convening authority. We make no decision as to what other crimes chargeable under the UCMJ that appellant's behavior with respect to these images may have constituted. The findings of guilty and the sentence are set aside. Specifications 2 and 4 of the Charge are dismissed. With respect to Specifications 1 and 3 of the Charge, a rehearing may be ordered by the same or a different convening authority. *See generally* R.C.M. 810. All rights, privileges, and

property, of which appellant has been deprived by virtue of this decision setting aside the findings and sentence are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), and 75(a).

Senior Judge COOK and Judge TELLITOCCI concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court